UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BONITA H.,

                Plaintiff,

    v.                                              5:17-CV-1207
                                                        (DJS)

COMM'R OF SOC. SEC.,

                Defendant.
_____

**APPEARANCES:**                                      **OF COUNSEL:**

BONITA H.
Plaintiff, *Pro Se*
203 King Ave.
Syracuse, NY 13209

U.S. SOCIAL SECURITY ADMIN.           EMILY M. FISHMAN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
Counsel for Defendant
26 Federal Plaza - Room 3904
New York, NY 10278

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

Currently before the Court, in this Social Security action filed by Bonita H. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 4 & General Order 18.

Commissioner") pursuant to 42 U.S.C. § 405(g) are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 18, 21, 22, 23, & 24.[2] Plaintiff *pro se* brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not without fault accepting an alleged overpayment of Title XVI Supplemental Security Income ("SSI") benefits and that Plaintiff was therefore not entitled to a waiver. Dkt. No. 1. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted, and Defendant's Motion for Judgment on the Pleadings is denied. The Commissioner's decision finding Plaintiff was not without fault is reversed and remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Procedural History

Plaintiff began receiving SSI benefits in April 1992. Dkt. No. 13, Admin. Tr. ("Tr."), pp. 16 & 18. On April 23, 2013, the Social Security Administration ("SSA") issued a notice informing Plaintiff that, due to unreported income, she had been overpaid SSI benefits in the amount of $7,279.40 from June 2012 though March 2013. Tr. at pp. 16, 33-37. A notice of change in payment was issued on April 25, 2013. Tr. at pp. 38-55. On April 29, 2013, the SSA issued a second notice informing Plaintiff that, due to further unreported income, she had been overpaid SSI benefits in the additional amount

---

[2] While Plaintiff's numerous filings do not technically satisfy the requirements of General Order 18 in light of Plaintiff's *pro se* status the Court has considered each of them in reaching this decision.

2

of $761.93 from June 2012 through August 2012. Tr. at pp. 16, 56-60. A notice of change in payment was issued on April 30, 2013. Tr. at pp. 61-68. On June 1, 2013, a notice regarding withholding of overpayment was issued. Tr. at pp. 69-72.

On October 29, 2013, the SSA issued a third notice informing her that, due to unreported income, she had been overpaid SSI benefits in the amount of $1,113.00 from July 2013 through August 2013. Tr. at pp. 16, 90-94. On November 2, 2013, a notice of planned action was issued. Tr. at pp. 95-100. On November 13, 2013, Plaintiff requested waiver of the overpayment, stating she was not at fault in causing the overpayment. Tr. at pp. 16, 101-06. On January 18, 2014, a waiver determination was issued indicating a waiver was not approved. Tr. at pp. 109-10. On February 7, 2014, the SSA field office scheduled a personal conference to discuss Plaintiff's request for waiver, but she failed to attend, reportedly due to mail issues. Tr. at pp. 16, 119-20. On August 5, 2014, the SSA issued a fourth notice informing Plaintiff that, due to unreported income, she had been overpaid SSI benefits in the amount of $1,456.00 from February 2014 through May 2014. Tr. at pp. 16, 111-15. On August 21, 2014, the SSA field office denied Plaintiff's request for waiver, based on the failure by Plaintiff to report wages, workers' compensation, and unemployment benefits. Tr. at pp. 16, 116-20.

On August 26, 2014, Plaintiff filed a request for reconsideration, disputing the facts and the amount of the overpayment. Tr. at pp. 16, 124-27. Plaintiff subsequently filed another request for waiver of the overpayment on April 8, 2015. Tr. at pp. 16, 130-

3

37. She also filed a written request for a hearing on April 8, 2015. Tr. at pp. 16, 138-40. Plaintiff's request for reconsideration was denied by the SSA field office on April 9, 2015. Tr. at pp. 16, 143-46.

Plaintiff appeared and testified at a hearing before Administrative Law Judge ("ALJ") Barry E. Ryan held on October 28, 2015. Tr. at pp. 16, 197-210. On December 4, 2015, the ALJ issued a written decision indicating recovery of the overpayment was not waived and finding Plaintiff was liable for repayment of $10,610.33[3] during the period from January 2012 through May 2014. Tr. at pp. 13-20. On September 14, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 5-8.

### B. The ALJ's Decision

The ALJ made the following findings of fact and conclusions of law. Tr. at pp. 18-20. First, the ALJ found that Plaintiff was overpaid benefits in the total amount of $10,610.33 during the period from January 2012 through May 2014. Tr. at p. 18. Second, the ALJ found that Plaintiff was at fault in causing the overpayment. Tr. at p. 19. The ALJ concluded that recovery of the overpayment was not waived, and Plaintiff was liable for repayment of $10,610.33 during the period from January 2012 through May 2014. Tr. at p. 20.

---

[3] The ALJ noted that, as of April 17, 2015, the amount of Plaintiff's overpayment had been reduced through recoupment and other adjustments to $10,395.43. Tr. at pp. 20, 150-54.

4

### C. The Parties' Briefings on Their Cross-Motions

### 1. Plaintiff's Motion for Judgment on the Pleadings

Plaintiff, appearing *pro se* in this case, has submitted several filings in support of her claims for relief. Dkt. Nos. 18, 21, 22, 24. Plaintiff filed a letter on May 15, 2018, indicating that she has submitted proof that she was reporting all changes of income to the SSA. Dkt. No. 18. Plaintiff argues she contacted the SSA and went into the local Syracuse SSA office and discovered her information was overlooked. *Id*. Plaintiff asserts a supervisor resubmitted her information in February 2016 and scheduled an appointment on her behalf to go back to the Syracuse location for this matter to be corrected, but "the information that could not be corrected went to a higher court." *Id*. Plaintiff indicates that a representative from the local Syracuse branch submitted the information to the court, but that the court stated they not could review new information at that time, so it was added as an exhibit on Plaintiff's behalf. *Id*.

Plaintiff initially filed her brief on June 5, 2018, again indicating she had submitted proof that she reported all changes of her income by calling and going into the local Syracuse office with the subsequent discovery that her information was overlooked. Dkt. No. 21. Again, Plaintiff argues that, in February 2016, a supervisor resubmitted her information over the phone and scheduled an appointment on Plaintiff's behalf to go to the local Syracuse branch for this matter to be corrected and information that could not be corrected went to a higher court. *Id*. Plaintiff maintains that the local Syracuse SSA branch representative submitted the information to the court, which the

court could not review at the time, stating it was new information and that this information was added as an exhibit on Plaintiff's behalf. *Id*.

Plaintiff filed an amended brief on July 2, 2018, again asserting that she reported her changes of income by calling (and going into the local SSA office a few times) and the information was overlooked until February 2016. Dkt. No. 22 at p. 1. Plaintiff includes the Appeals Council order which added her request for review received February 1, 2016, as Exhibit 39. *Id*. at p. 2. Plaintiff's brief also indicates that all information was submitted after her appeals and that she was told the information she reported was put into a different system. *Id*. at p. 4.

Finally, Plaintiff submitted a letter on August 15, 2018. Dkt. No. 24. She indicates that she was told to only contact the local branch if her income changed and was not informed she should report every few months until 2014. *Id*. at pp. 1, 3. She argues that she reported changes when she received new income (the amount was $100.00 per week) and was told by a worker at the Syracuse SSA branch no change was made. *Id*. Plaintiff indicates that her SSI benefits amount stayed the same and when she asked why it did not change, she was told it was a small amount of income so there was no change. *Id*. at pp. 1-4. She also indicates that a worker tried to do a waiver in February 2016, but it was too late, and the system would not allow her to submit a waiver. *Id*. at 2.

### 2. Defendant's Motion for Judgment on the Pleadings

Defendant makes two arguments in support of the argument that the Commissioner correctly determined that waiver of the overpayment was not warranted because Plaintiff was not without fault in causing the overpayment. Dkt. No. 23, Def.'s Mem. of Law, pp. 9-13. First, Defendant argues that substantial evidence supports the ALJ's finding that Plaintiff was not without fault and thus her overpayment could not be waived. *Id*. at pp. 9-11. Defendant points out that the ALJ noted (a) Plaintiff does not dispute that she received additional income from wages, workers' compensation, and unemployment benefits that was not factored into her original SSI payments and (b) Plaintiff does not deny that she knew of her obligation to report this income to the SSA or that she accepted SSI payments for the entire period in question. *Id*. at p. 9. Rather, Defendant notes, Plaintiff argues that she did report her additional income to the SSA, but offers virtually no evidence in support of this assertion and none at all with respect to the period prior to June 2012. *Id*.

Defendant also argues that the ALJ correctly determined Plaintiff knew, or should have known, of her obligation to report all new income to the SSA and also reasonably concluded that Plaintiff did not meet the reporting requirement despite her awareness of the obligation. *Id*. Defendant notes that Plaintiff's accounts of what income she reported, as well as when and how she reported it, were inconsistent and that she offered little beyond her own statements in support of the claim that she reported her income as required. *Id*. Given the absence of evidence to support her assertions,

Defendant argues that Plaintiff has not met her burden of proving she is without fault in causing the overpayment. *Id*. at p. 10.

Defendant also argues that this Court must still hold Plaintiff is at fault for the entirety of her overpayments (even if she reported one or two workers' compensation checks in June or July 2012 as she claims) because the ALJ found a second, independent basis for Plaintiff's fault - that she accepted SSI payments which she knew or could have been expected to know were incorrect. *Id*. Defendant contends the fact that SSA may have been at fault in making the overpayment does not relieve the recipient from liability for repayment if the recipient was also at fault and that Plaintiff's unproven allegation (indicating an error on the part of SSA employees) does not alleviate any failure to report all of her income when she knew of her obligation to do so, or continued acceptance of payments she knew or should have known were incorrect. *Id*. at pp. 10-11. Defendant also indicates that because Plaintiff was not without fault for the overpayment, there was no need to consider whether recovery of the overpayment would defeat the purposes of the Act or be against equity and good conscience. *Id*. at p. 11.

Second, Defendant argues that evidence Plaintiff submitted to the Appeals Council and this Court is neither new nor material and does not warrant remand for further consideration. *Id*. at pp. 11-13. Specifically, Defendant notes that Plaintiff's filings with this Court seem to argue for remand on the basis that she submitted additional evidence to the Appeals Council and argues that Plaintiff submitted evidence that is cumulative of what was already in front of the ALJ and is therefore not new. *Id*.

8

at pp. 11-12. Defendant also argues that the ALJ already considered Plaintiff's allegations (indicating she is not at fault for causing the overpayment and there is proof she reported her income to the SSA) and offered Plaintiff additional time to find and submit the proof to which she referred. *Id*. at p. 12. Defendant indicates that when Plaintiff did not do so, the ALJ properly weighed the existing evidence and found Plaintiff was not without fault for causing the overpayment. *Id*.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

The Court will reverse the Commissioner's determination only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that

9

which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Overpayment and Waiver of Overpayment

"In order to be eligible for SSI an individual must be aged, blind or disabled and have income and 'countable resources' below specified statutory amounts." *Singer v. Sec'y of Health & Human Servs.,* 566 F. Supp. 204, 206 (2d Cir.1983) (citing 42 U.S.C. § 1382(a)). "'An overpayment is a payment of an amount more than the amount due for a given period . . . [i]f an individual receiving SSI benefits is incorrectly paid more than the amount he is entitled to, the Commissioner is authorized to seek a repayment of the excess amount of benefits.'" *Sero v. Comm'r of Soc. Sec.*, 2014 WL 6606582, at *5 (N.D.N.Y. Nov. 19, 2014) (quoting *Mesias v. Doe,* 2012 WL 3704824, at *3 (E.D.N.Y. Aug. 24, 2012); citing 20 C.F.R. §§ 416.537 & 416.550; 42 U.S.C. § 1383(b)(1)(A)).

The regulations "allow[ ] for waiver of recovery of an overpayment . . . where (1) an overpayment has been made to an individual who is without fault, and (2) when

10

'adjustment or recovery would either defeat the purpose of the Act, or be against equity and good conscience.'" *Hannon v. Barnhart,* 134 Fed. Appx. 485, 486 (2d Cir. 2005) (quoting 20 C.F.R. § 404.506). "If the individual cannot satisfy the first prong of the analysis, namely that he or she was without fault, then the second prong need not be considered." *Sero v. Comm'r of Soc. Sec.*, 2014 WL 6606582, at *5 (citing *Chlieb v. Heckler,* 777 F.2d 842, 846 (2d Cir. 1985)).

> [F]ault will be found when an incorrect payment "resulted from" one of the following:
> (a) Failure to furnish information which the individual knew or should have known was material;
> (b) An incorrect statement made by the individual which he knew or should have known was incorrect (this includes the individual's furnishing his opinion or conclusion when he was asked for facts), or
> (c) The individual did not return a payment which he knew or could have been expected to know was incorrect.

*Id*. at *6 (citing *Howard v. Sec'y of Health & Human Servs,* 741 F.2d 4, 7-8 (2d Cir. 1984); 20 C.F.R. § 416.552).

### C. Plaintiff's *Pro Se* Status

Given that Plaintiff is proceeding *pro se* the Court is mindful of its obligation to "engage in a searching inquiry when deciding whether substantial evidence supports an administrative fact finding, whether or not a *pro se* litigant is perceptive enough to identify a specific evidentiary deficiency." *Smith v. Comm'r of Soc. Sec.*, 2014 WL 3392336, at *4 (N.D.N.Y. July 10, 2014) (citing *Monette v. Astrue*, 269 Fed. Appx. 109, 110 (2d Cir. 2008)). In doing so, the Court has held Plaintiff's "pleadings to less

11

stringent standards than formal pleadings drafted by lawyers" and has construed them "to raise the strongest arguments that they suggest." *Rose v. Comm'r of Soc. Sec.*, 202 F. Supp. 3d 231, 239 (E.D.N.Y. 2016) (internal quotations and citations omitted).

### III. ANALYSIS

After full and careful consideration, the Court concludes that the matter should be remanded for further proceedings.

"[W]here an individual . . . accepts [an] overpayment because of reliance on erroneous information from an official source within the Social Security Administration" regarding a pertinent provision of the Social Security Act, that individual "will be deemed to be without fault." 20 C.F.R. § 404.510a. In this case, Plaintiff, then appearing *pro se*, clearly attempted to raise a claim that she had been misled by officials with the Social Security Administration. Tr. at p. 186 (noting in her request for a hearing before an ALJ that "I believe there was a lot of misinformation at this point"). At the administrative hearing, she testified several times that she had reported information regarding changes in her income and had been advised that it would not change her benefits. Tr. at pp. 203-05. The ALJ himself recognized that this case presented a credibility question when he noted at the hearing "they say you did not give them notice. You say you did." Tr. at p. 207.

The Second Circuit has long recognized that when "credibility is a critical factor in determining whether the claimant was without fault, *the ALJ must have stated explicitly whether he believed the witness's testimony.*" *Valente v. Sec'y of Health and*

12

*Human Servs.*, 733 F.2d 1037, 1045 (2d Cir. 1984) (emphasis added). "When misinformation claims are raised, the credibility of the claimant becomes a 'critical factor in determining whether [the claimant] is without fault . . . [and] the ALJ must also make an explicit determination regarding [the claimant's] credibility.'" *Rose v. Comm'r of Soc. Sec.*, 202 F. Supp. 3d 231, 241 (E.D.N.Y. 2016) (quoting *Ming v. Astrue*, 2009 WL 2495947, at *6 (E.D.N.Y. Aug. 13, 2009)); *see also Daviau v. Astrue*, 2012 WL 13543 at *5 (N.D.N.Y. Jan. 4, 2012). The ALJ's decision did not make an express credibility finding. "While the ALJ may have discredited plaintiff's credibility in this regard, he must explicitly discuss this factor in his determination." *Daviau v. Astrue*, 2012 WL 13543, at *5. The ALJ clearly did not do so. Given the flaw in this credibility analysis, particularly given Plaintiff's *pro se* status, remand is required here. *Id.* at *5-6.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

13

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REVERSED** and the matter is **REMANDED** for further proceeding pursuant to sentence four of section 405(g); and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: March 4, 2019
     Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge